IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUSTICE SHUNTE MCCLENDON, <br> c/o Agent Tracy D. McClendon, | : <br> : <br> : | |
| Petitioner, | : <br> : | |
| v. | : <br> : | Civil Action No. 15-333-RGA |
| QUINTON RUSH, Holder of the Key, and <br> ATTORNEY GENERAL OF THE STATE <br> OF GEORGIA, | : <br> : <br> : <br> : | |
| Respondents. | : <br> : | |

## **MEMORANDUM**

Petitioner Justice Shunte McClendon has filed a document titled "Petition for Emergency Writ of Habeas Corpus" ("Petition"). (D.I. 1 at 17) He is a prisoner at the Rogers State Prison in Reidsville, Georgia, and he alleges that Respondents are a corporate entity which is unlawfully detaining him, because "no criminal action in the State of Georgia has been commenced against [him] by the filing of an affidavit/complaint, by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." *Id.* at 18. Petitioner asserts that this Court can review the instant proceeding because it has "original jurisdiction over corporations which are incorporated in the State of Delaware and are involved in foreign relations matters" in the State of Georgia. *Id.* at 18. Petitioner seeks his immediate discharge. *Id.* at 19.

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

After reviewing the Petition, the Court concludes that it does not have jurisdiction over the instant proceeding because Petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d) (petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Rather, the Courts with jurisdiction over the instant proceeding are in Georgia. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 442 (2004) (state prisoner challenging the constitutionality of his custody that is the result of a state court judgment of conviction, or his present physical confinement that is not the result of a state court conviction (e.g., pre-trial detention) must file the petition in a judicial district which can acquire *in personam* jurisdiction over the petitioner's warden or custodian); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ . . . does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Accordingly, the Court will summarily dismiss the instant Petition for Emergency Writ of Habeas Corpus without prejudice, and will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A separate Order follows.

Dated: October 7, 2015

UNITED STATES DISTRICT JUDGE

2